UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AXIS INSURANCE COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-146** |
| **TURNER INDUSTRIES**<br>**GROUP, et al.,**<br>    **Defendants** | **SECTION "E"** |

### ORDER & REASONS

The Court has pending before it Defendant Turner Industries Group's ("Turner") motion to dismiss[1] this declaratory judgment action filed by Plaintiff Axis Insurance Company ("Axis"). Four "me-too" motions to dismiss were filed by various other defendants in this declaratory judgment action joining in Turner's motion.[2] The Court has reviewed the oppositions[3] and supplemental briefing,[4] the record, and the law, and now issues this order and reasons granting all five motions to dismiss.

### BACKGROUND

This case arises out of shootings on August 16, 2012, which resulted in the deaths of two St. John the Baptist Parish Sheriff's deputies and injuries to two more. Defendant[5] Turner Industries Group contracted with Defendant Diamond Green Diesel, LLC to build a biodiesel plant. Defendant Gemini Insurance Company was the primary insurer on the project. Plaintiff Axis Insurance Company is the excess insurer.

Defendant Valero Energy Corporation hired Deputy Scott Boyington to provide

---

[1] R. Doc. 36.
[2] R. Docs. 43 (filed by M. Scott Boyington and Wendy Boyington), 44 (filed by Misty McTopy Triche), 45 (filed by Daniell L. Nielsen), and 47 (filed by Jason Triche and Melissa Triche).
[3] R. Docs. 53, 56.
[4] R. Docs. 64, 77, 78.
[5] Unless otherwise noted, the Court uses "Defendant" to refer to the defendants in this declaratory judgment action.

1

private security at an off-site parking lot used by Turner employees working on the biodiesel plant project.  On August 16, 2012, Boyington confronted a vehicle occupied by Terry Smith, Brian Smith, and Kyle David Joekel.  One or more of the vehicle's occupants shot Boyington multiple times and fled.

Deputies Jason Triche, Jeremy Triche, and Brandon Nielsen then went to the residence of Terry Smith, Brian Smith, and Joekel.  They were ambushed.  Jeremy Triche and Brandon Nielsen were fatally shot, and Jason Triche was wounded.

Four lawsuits arising out of these events were filed against the alleged killers, as well as against Valero, Diamond Green Diesel, Turner, Gemini, Axis, and ACE American Insurance Company, in the 40th Judicial District Court for the Parish of St. John the Baptist.  The four petitions, which are substantially similar in their factual allegations, were brought by (1) Scott Boyington and his family,[6] (2) Misty McTopy Triche, the widow  of Jeremy Triche,[7] (3) Daniell Legnon Nielsen, the widow of Brandon Nielsen[8], and (4) Jason Triche and his family.[9]

Axis, a named defendant in all four state-court lawsuits, filed this declaratory judgment action.  In its pleadings as amended, Axis seeks various declaratory interpretations of its insurance policy with respect to the claims asserted in the four state-court cases, including (1) whether there is coverage, (2) whether various parties are insureds under the policy, (3) whether the underlying events constitute one or more occurrences under the policy, and (4) whether the Axis policy is in excess to a policy issued by Defendant ACE American Insurance Company.[10]

---

[6]     R. Doc. 75-1.
[7]     R. Doc. 75-2.
[8]     R. Doc. 75-3.
[9]     R. Doc. 75-4.
[10]    R. Doc. 75.

Defendant Gemini filed its own declaratory action in a different section of this Court, seeking a declaratory judgment regarding the number of occurrences for the purposes of its policy.  *See Gemini Ins. Co. v. Turner Ind. Grp., LLC, et al.*, No. 13-05922 (filed E.D. La. Sept. 24, 2013) (R. Doc. 1).  A motion to dismiss on abstention grounds was recently granted in that case.  *See Gemini Ins. Co. v. Turner Ind. Grp., LLC*, No. 13-05922, 2014 WL 3530475 (E.D. La. July 16, 2014).

Most Defendants in this case now move to dismiss, urging the Court to exercise its discretion and abstain from entertaining this declaratory judgment.  Axis opposes the motion, and Gemini (as a defendant in this action) opposes the motion to dismiss because Gemini wishes the Court to decide the number of occurrences issue.

## ANALYSIS

This is a declaratory judgment action.  "Under the Declaratory Judgment Act, a district court has a measure of discretion in deciding whether to entertain the action." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).  This discretion is broad but not unfettered. *See id.*  In deciding whether to abstain, the Court considers three areas of concern: (1) federalism, comity, and "the proper allocation of decision-making between state and federal courts," (2) "fairness," or the distinction between "legitimate and improper reasons for forum selection," and (3) "efficiency," or avoidance "of duplicative or piecemeal litigation."  *See Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389-91 (5th Cir. 2003).  The Fifth Circuit's seven *Trejo* factors fall under those three umbrella categories.  *See id.* at 391-92.[11]  The Court has considered the parties'

---

[11]   The *Trejo* factors are: "1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, . . . 6) whether retaining the

3

arguments with respect to these three areas and seven factors.

First, the federalism factors strongly weigh in favor of abstention. Axis's pleadings implicate purely state-law issues of insurance contract interpretation. And as the Fifth Circuit has advised, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91. Here, the purely state-law insurance issues will be decided in the four pending state-law cases. Although Axis complains strenuously that there is no single pending case which will resolve every claim against it by every Plaintiff,[12] what matters is the existence of "a pending state action in which all the *matters in controversy* may be litigated." *See Sherwin-Williams*, 343 F.3d at 391 (emphasis added). Plainly, all state-law issues will be litigated in the pending state cases; the fact that it will be litigated in more than one case is immaterial to "the proper allocation of decision-making between state and federal courts." *See id.* at 390. Thus, federalism strongly favors allowing the state courts to resolve these issues in the pending state-court actions.

Second, the fairness factors do not weigh strongly for or against exercise of jurisdiction over this declaratory judgment action. Axis's resort to this forum in response to being named in four separate state-court suits is not obviously egregious or inequitable, and the Court can discern no improper "forum shopping." Axis would prefer to litigate its issues in this single federal forum; Defendants would prefer to litigate the claims in their state-court cases. The applicable rules and laws allow both;

---

lawsuit in federal court would serve the purposes of judicial economy" and 7) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Trejo*, 39 F.3d at 590-91.
[12]   R. Doc. 53 at 7.

4

no party appears to be gaming the system.

Third, the efficiency factors do not favor exercising jurisdiction, and certainly not with enough weight to counterbalance the strong federalism interest in abstaining. With respect to convenience, the federal and state courts are equally convenient with respect to evidence and geography. With respect to judicial economy, exercising jurisdiction could streamline some matters but would multiply others. Certainly, if this Court exercised jurisdiction there would be one definitive resolution of the insurance policy issues Axis raises. But practically speaking, the state court actions are just as likely to produce one definitive resolution. As Turner points out, three of the state-court cases are pending before the same judge, and the fourth (pending in the same court) could be consolidated.[13] *See* La. Code Civ. P. 1561. Thus, the efficiency advantage of adding this federal dimension to the state-court litigation is far more negligible than Axis contends. Moreover, adding a federal case will require the state-court Plaintiffs (Defendants here) to litigate on two fronts and will require this Court and the state court to duplicate their efforts. For example, both Axis's insurance coverage and number-of-occurrence arguments and the state-court Plaintiff's claims against Turner require factual findings regarding the events of August 16, 2014. In short, Axis has not persuaded the Court that this declaratory judgment action would produce any significant net benefit of judicial economy.[14]

The decision to abstain from exercising jurisdiction over a declaratory judgment action is discretionary and not subject to mechanical application. Although the parties

---

[13] R. Doc. 64 at 6; R. Doc. 75-1 at 19 (40th JDC, Division B); R. Doc. 75-2 at 17 (40th JDC, Division B); R. Doc. 75-3 at 1 (40th JDC , Division A); R. Doc. 75-4 at 17 (40th JDC, Division B).
[14] As a practical matter, exercising jurisdiction over this declaratory judgment action makes even less sense from an efficiency standard in light of the well-reasoned opinion granting the motion to dismiss Gemini's declaratory judgment action. *See* 2014 WL 3530475 at *3-5.

analogize or distinguish various cases, the Court must decide on these particular facts. In this case, there is no federal interest in resolving purely state-law questions of insurance contract interpretation; thus, federalism strongly weighs in favor of abstaining.  *See Sherwin-Williams*, 343 F.3d at 390-91.  Moreover, the Court is convinced that the 40th JDC will resolve these issues efficiently and with minimal risk of inconsistent judgments; thus, at most the efficiency concerns do not warrant exercising jurisdiction.  Therefore, after considering the relevant factors articulated by the Fifth Circuit, the Court will exercise its discretion, abstain from hearing this declaratory judgment action, and grant the motions to dismiss.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motions to dismiss[15] are **GRANTED** and Axis's complaint is **DISMISSED WITHOUT PREJUDICE**.[16]

New Orleans, Louisiana, this 30th day of July, 2014.

                                                _____
                                                SUSIE MORGAN
                                                UNITED STATES DISTRICT JUDGE

---

[15] R. Docs. 36, 43, 44, 45, 47.

[16] For the same reasons, the Court *sua sponte* declines to exercise jurisdiction over pro se Defendant Brian L. Smith's counter-claim against Axis seeking declaratory judgment that Smith's actions in "fir[ing] bullets at Boyington" were "in defense of persons or property."  R. Doc. 16 at 4-5.  The counter-claim is **DISMISSED WITHOUT PREJUDICE**.